UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Aaron Lee Johnson,            Case No. 3:15-cv-0961

    Plaintiff

v.            MEMORANDUM OPINION
           AND ORDER

A. Floure, RN., *et al.*,

    Defendants


### BACKGROUND AND HISTORY

*Pro se* Plaintiff Aaron Lee Johnson filed this action under 42 U.S.C. § 1983 against Lucas County Jail Director of Nursing A. Floure, Lucas County Jail Nursing Assistant Jane Doe #1, Lucas County Jail Nurse Practitioner Jane Doe #2, Lucas County Jail Nurse Jane Doe #3, Lucas County Jail Nurse Jane Doe #4, Lucas County Jail Nurse Jane Doe #5, Lucas County Jail Doctor John Doe #1, and Lucas County Jail Doctor John Doe #2. In the Complaint, Plaintiff alleges he was inadvertently given medication intended for another inmate with the same name. He asserts the Defendants were negligent and committed malpractice in violation of the Eighth Amendment. He seeks $ 1,500,000.00 in compensatory and punitive damages.

### BACKGROUND

Plaintiff was incarcerated in the Lucas County Jail in November 2014. He reported to the infirmary complaining of a rash on his arm on November 10, 2014. At that time, Jane Doe #2

advised him he would be administered an ointment during the evening pill call. He received the ointment for a week but then his treatment stopped. He returned to the infirmary and asked for another prescription for the ointment. He received the confirmation of his medical request and Jane Doe #1 called his name during the evening pill call. Jane Doe #1 checked his wrist band to confirm his identification. Instead of receiving the ointment he expected, he was handed pills. He asked Jane Doe #1 about the medication and indicated he was expecting to receive an ointment. She said she did not have a medical slip for the cream but looked again at his wristband and indicated that the pills were for him. He took these pills for several days and began to experience blurry vision, loss of balance, severe muscle pain, sudden body tremors, hallucinations, and insomnia. He was eventually hospitalized for two days. At that time, he discovered he had been receiving psychotropic medications prescribed for another inmate at the jail with the same name. When the error was discovered, the jail medical staff discontinued the medications and prescribed new medications to counteract the negative effects of the medications he had received. Plaintiff claims the Defendants were negligent and committed medical malpractice in violation of the Eighth Amendment.

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court remarked that "having stripped [inmates] of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." *Id.* at 833. The Eighth Amendment protects inmates by requiring that "prison officials ... ensure that inmates receive adequate food, clothing, shelter, and medical care, and ... 'take reasonable measures to guarantee the safety of the inmates.' " *Id.* at 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). This, however, does not mandate that a prisoner be free from discomfort or inconvenience during his or her incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). Prisoners are not entitled to unfettered access to the medical treatment of their choice, *see Hudson v. McMillian*, 503 U.S. 1, 9 (1992), nor can they "expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988); *see Thaddeus-X v. Blatter,*175 F.3d 378, 405 (6th Cir. 1999). In sum, the Eighth Amendment affords the constitutional

3

minimum protection against conditions of confinement which constitute health threats, but does address those conditions which cause the prisoner to feel merely uncomfortable or which cause aggravation or annoyance. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson*, 503 U.S. at 8. Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. A plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In the context of a claim regarding medical treatment, an inmate must show two elements to demonstrate a violation of his Eighth Amendment rights: 1) that he was suffering from a "serious" medical need; and 2) that the prison officials were "deliberately indifferent" to the serious medical need. *Id.* It is clear from the foregoing that the duty to provide a certain level of health care to incarcerated offenders under the Eighth Amendment is a limited one. "Not 'every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim.'" *Sarah v. Thompson*, No. 03–2633, 2004 WL 2203585 (6th Cir. Sept. 15, 2004) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997)). In this case, Plaintiff sustained an injury that

4

was sufficiently serious. I must then proceed to inquire whether the Defendants exhibited deliberate indifference to Plaintiff's medical condition.

Plaintiff first claims the Defendants were negligent and committed malpractice by dispensing medication to him that was intended for another inmate at the jail with the same name. Each inmate has a wristband that includes not only the inmate's name, but also his date of birth and his prisoner identification number. While the inmates shared the same name, a comparison of the dates of birth or the prisoner identification numbers would have shown the medication was not intended for Plaintiff.

To satisfy the subjective component of an Eighth Amendment claim, Plaintiff must allege facts to show that prison officials knew of, and acted with deliberate indifference to his health or safety. *Wilson*, 501 U.S. at 302-03. Deliberate indifference "entails something more than mere negligence." *Farmer*, 511 U.S. at 835. An inmate must show that prison officials had "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (quoting *Farmer*, 511 U.S. at 837). Mere negligence will not suffice. *Farmer*, 511 U.S. at 835-36. Consequently, allegations of medical malpractice, negligent diagnosis, or negligent treatment, such as those asserted by Plaintiff, fail to state an Eighth Amendment claim.

In addition, Plaintiff has not alleged sufficient facts to suggest the Defendants were deliberately indifferent to his serious medical needs after they became aware he received the wrong medication. They immediately discontinued the medications and took him to the Rescue Crisis Center where he was hospitalized. He was given new medications to counteract the effects of the

wrong medications. He has not alleged that the Defendants disregarded a serious risk to his health after they became aware of the error with his medications.

### CONCLUSION

Having considered and examined the *pro se* Plaintiff's pleadings to determine their legal viability, I conclude Plaintiff failed to state a claim upon which relief may be granted. This action is dismissed pursuant to 28 U.S.C. § 1915(e). I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

So Ordered.

s/Jeffrey J. Helmick<br>
United States District Judge

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.